## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

**LOUISIANA CRAWFISH PRODUCERS**     **\*CIVIL NO. 6:10-0348**
 **ASSOCIATION - WEST, ET AL.**

**VERSUS**            **\*JUDGE DOHERTY**

**AMERADA HESS CORP., ET AL.**     **\*MAGISTRATE JUDGE HANNA**

### \*to be filed in all related cases

### REPORT  AND  RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion for Judgment on the Pleadings filed by defendants,  Southern Natural Gas Company ("SNG"), The Dow Chemical Company ("Dow") and Florida Gas Transmission Company, LLC ("Florida Gas"), collectively, "the defendants." [rec. doc. 554[1]].  The Motion has been adopted by Associated Electric and Gas Insurance Services Limited ("AEGIS") in its capacity as the insurer of SNG.[2] [rec. doc. 565].  The plaintiffs have

---

[1]The Motion was originally deficiently filed as rec. doc. 547.

[2]The Court notes that other alleged insurers of SNG have not filed formal motions to adopt the motion to dismiss. Specifically, the following insurers have not formally adopted the instant Motion: Century Indemnity Company, as successor to CCI Insurance Company of North America and Century Indemnity Company, as successor to CIGNA Specialty Insurance Company, f/k/a California Union Insurance Company; St. Paul Fire and Marine Insurance Company; Certain Underwriters at Lloyd's London; and Zurich Insurance Company.  Further, pursuant to this Court's order of September 16, 2010, "all Insurer defendants shall be deemed to have adopted any generally applicable dispositive motion filed by any other Insurer Defendant." [rec. docs. 226, 227] Since AEGIS adopted the motions, this Court will construe that adoption be deemed to apply to the other insurers absent opt out notice of which there are none.

filed Opposition [rec. doc. 578], to which the defendants have filed a Reply [rec. doc. 588].

For the reasons which follow, it is recommended that, the Motion for Judgment on the Pleadings be **Granted in part** and **Denied in part**.  Accordingly, the claims of Thomas Allen, Darlene Marie Bienvenu, Burton Burnis, Wally Jewell, Tessie D. Pradose, Jimmy Bourgue, Jr., Denny Rozell, Kelly Bourque, Darrel J. Eddy, Sr., Kenneth Vicknair and the Louisiana Crawfish Producers Association - West against Dow, Florida Gas, SNG and its insurers should be dismissed with prejudice; the claims of Dale Jude Barras, Sr., Alice Bienvenu, Ben A. Bienvenu, Sr., Bernard Blanchard, Casey J. Bodoin, Lucien Paul Bonin, Patrick J. Boudreaux, Michael John Borque, Sr., Ryan Bourque, Johnny M. Breaux, Sr., Buddy Faucheaux, Albert J. Granger, Sr., Elton J. Guidry, Jr., Clyde C. Louviere, the Estate of Ritchie Louis Olivier, Richard James Robin, James T. Romig, James H. Vicknair, Sr., Wallace James Vicknair, David R. White and Kenneth James White against  Dow, SNG and its insurers should be dismissed with prejudice; the claims of Mervin Barras and Barry Boudreaux against Florida Gas, SNG and its insurers should be dismissed with prejudice; the claims of Brent James Blanchard, Sr., Ronnie Paul Courville, Gregory W. Guirard, Steven John Meche, Archie James Vicknair and Ronald Vicknair, Jr. against Dow and Florida Gas should be dismissed with prejudice; the claims of Joey Barras, James Blanchard, Jr.,

Nelson Bonin, Stanley Bourque, Lonny Guidry, Kim J. Horton, Matthew H. Jewell and

Lawrence D. Smith, Jr. against SNG and its insurers should be dismissed with

prejudice; the claims of Michael Barras, Charles Bourque, Andrew W. Meche, Jr.,

Brent J. Poche, Gilman J. Prados, Curtis James Robin and Mertile J. Settoon against

Dow should be dismissed with prejudice; the claims of Murphy Bourque, Troy

Bourque, Todd G. Louviere, Jody P. Meche and Leonard Joseph Savoy against Florida

Gas should be dismissed with prejudice; and the claims of Larry Joseph Boudreaux and

Dale A. Landry against  Dow, SNG and its insurers should be dismissed with prejudice.

The claims asserted by Larry Joseph Boudreaux and Dale A. Landry against Florida

Gas should remain pending, and leave to amend their Complaint to make specific

factual allegations against Florida Gas should be granted.

## Factual and Procedural Background

Prior to removal of the instant action, all of the plaintiffs state law claims were

dismissed, leaving only federal maritime claims remaining.[3] While in the state court, the

plaintiffs had filed an original and four supplemental and amending complaints.[4]

On February 25, 2011, the undersigned recommended that the defendants'

Motions for Summary Judgment be granted insofar as the plaintiffs asserted claims

---

[3]*See* rec. doc. 162-2, pgs. 1-7, *aff'd*, *Louisiana Crawfish Producers Association - West v. Amerada Hess Corp.*, 935 So.2d 380 (La. App. 3rd Cir. 7/12/06), *writ denied*, 943 So.2d 1094 (La. 12/8/06).

[4]*See* rec. docs. 1-6, pgs. 1-17, 18-28, 29-41; 1-7, pgs. 1-18, and 19-48.

based on "group" or "enterprise"liability.  However, finding the pleadings as they existed inadequate to determine the existence of a maritime tort, the undersigned further recommended that the plaintiffs be permitted to file a  Fifth Supplemental and Amended Complaint to allege facts necessary to support a claim in maritime tort, and more specifically, allegations setting forth a specific harm to a specific plaintiff caused by a specific defendant to conform to the pleading requirements of Rule 8, FRCP as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). [rec. doc. 263].  The district court adopted that recommendation by Judgment dated March 16, 2011. [rec. doc. 269].

On May 16, 2011, the plaintiffs filed their Fifth Supplemental and Amended Complaint, a pleading consisting of 174 pages.  [rec. doc. 280].  The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [rec. doc. 340] in which they challenged the allegations of all of the plaintiffs as failing to state a cause of action in maritime tort. The cases were separated into individual civil actions [rec. doc. 366], and a report and recommendation was issued in which the undersigned recommended the blanket motion to dismiss be granted as to some of the defendants, denied as to some defendants and that rulings be deferred on the remaining defendants pending a report and recommendation in each individual case. [rec. doc. 379]. The district court adopted

4

the recommendation with modifications [rec. docs. 416-417] and the ruling was affirmed on appeal. [rec. doc. 463].

In the interim, the undersigned issued a report and recommendation in *Louis Barras, Sr. v. Amerada Hess Corporation et al*, Civil Action 12-cv-197 in which it was recommended that, in addition to the dismissal in the blanket motion against some defendants, the motion to dismiss Mr. Barras' claims against the remaining defendants and their insurers be denied. [*See* rec. doc. 374 in 12-cv-197]. That report and recommendation was adopted by the district court. [rec. doc. 419 in 12-cv-197].

While the appeal was pending, the case was administratively closed on this court's docket to allow the parties the opportunity to participate in alternative dispute resolution. A number of parties settled, and with the affirmation of the court's ruling on the motion to dismiss by the court of appeal some of the defendants who chose not to settle were dismissed. [rec. doc. 463, 481].

The defendants and their insurers who have filed the instant Motion for Judgment on the Pleadings represent the remaining defendants in this litigation. The motion is tailored from this Court's analysis in Mr. Barras' case seeking dismissal, with prejudice, of the claims of certain plaintiffs, who the defendants contend have failed to adequately allege a maritime tort against them. [rec. doc. 554].

5

More specifically, the defendants contend that Thomas Allen, Darlene Marie Bienvenu, Burton Burnis, Wally Jewell, Tessie D. Pradose, Jimmy Bourgue, Jr. and Denny Rozell do not appear, and make no allegations in, the Fifth Supplemental and Amending Complaint.  The defendants further contend as follows: (1) that Larry Joseph Boudreaux, Kelly Bourque, Darrel J. Eddy, Sr., Dale A. Landry and Kenneth Vicknair have made no allegations against SNG, Dow or Florida Gas; (2) that Dale Jude Barras, Sr., Alice Bienvenu, Ben A. Bienvenu, Sr., Bernard Blanchard, Casey J. Bodoin, Lucien Paul Bonin, Patrick J. Boudreaux, Michael John Borque, Sr., Ryan Bourque, Johnny M. Breaux, Sr., Buddy Faucheaux, Albert J. Granger, Sr., Elton J. Guidry, Jr., Clyde C. Louviere, the Estate of Ritchie Louis Olivier, Richard James Robin, James T. Romig, James H. Vicknair, Sr., Wallace James Vicknair, David R. White and Kenneth James White make no allegations against SNG and Dow; (3) that Mervin Barras and Barry Boudreaux make no allegations against SNG and Florida Gas; (4) that Brent James Blanchard, Sr., Ronnie Paul Courville, Gregory W. Guirard, Steven John Meche, Archie James Vicknair and Ronald Vicknair, Jr. make no allegations against Dow and Florida Gas; (5) that Joey Barras, James Blanchard, Jr., Nelson Bonin, Stanley Bourque, Lonny Guidry, Kim J. Horton, Matthew H. Jewell and Lawrence D. Smith, Jr. make no allegations against SNG; (6) that Michael Barras, Charles Bourque, Andrew W. Meche, Jr., Brent J. Poche, Gilman J. Prados, Curtis James Robin and Mertile J.

6

Settoon make no allegations against Dow; (7) that  Murphy Bourque, Troy Bourque, Todd G. Louviere, Jody P. Meche and Leonard Joseph Savoy make no allegations against Florida Gas; and (8) that the Louisiana Crawfish Producers Association - West makes no specific allegations against any particular defendant, instead making only general allegations of harm from the defendants' collective actions.

In response, with the exception of the claims of Larry Joseph Boudreaux and Dale A. Landry against Florida Gas, the plaintiffs concede that the Motion should be granted.  However, they argue that their claims should be dismissed without prejudice.  This contention is based on their argument that their allegations in the Fifth Amending Complaint were based on their deposition testimony from 2008 and since the defendants have indicated that they wish to re-depose them, additional evidence supporting their claims may be developed, and more specifically, testimony that they may have fished in areas allegedly affected by the defendants' actions since their prior depositions and testimony that they may have fished in these areas, which might not have been mentioned in their original depositions, may be developed.  [rec. doc. 578].

Larry Joseph Boudreaux and Dale A. Landry also argue that, although not expressly alleged in their pleadings, their deposition testimony establishes that they fished in what is popularly known as the Red Eye Swamp, which was allegedly affected by the actions of Florida Gas. [rec. doc. 280, ¶ 161].  Therefore, dismissal of their

claims against Florida Gas is not appropriate.   [rec. doc. 578].  By Reply, the defendants concede that the claims of Larry Joseph Boudreaux and Dale A. Landry against Florida Gas should remain pending based on the evidence presented by them. However, the defendants oppose the plaintiffs' request that their claims be dismissed without prejudice. [rec. doc. 578].

In light of the above, the sole remaining contested issue for this Court's determination is whether the plaintiffs' claims should be dismissed with or without prejudice.  For the reasons which follow, the undersigned agrees with the defendants that the dismissal should be with prejudice.

### Law and Analysis

Rule 12(c) Motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) *citing Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) and  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.*; *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) *citing Hughes*, 278 F.3d at 420.

The standard for judgment on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Doe,* 528 F.3d at 418 *citing Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004) and *Great Plains Trust Co.*, 313 F.3d at 312. This Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Great Plains Trust Co.*, 313 F.3d at 312-313 *citing Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co.*, 313 F.3d at 329; *See also Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies."). Courts routinely dismiss complaints in cases where the plaintiff has been afforded an opportunity to amend, but the amended Complaint nevertheless fails to allege sufficient

9

facts to state a claim for relief.  *See e.g.  Joseph v. Port of New Orleans*, 2002 WL

342424, *5 (E.D. La. 2002); *Stephens v. Rimkus Consulting Group, Inc. of La.*, 546

F.Supp.2d 329, 332 (E.D. La. 2008); *Morrison v. City of Baton Rouge,* 761 F.2d 242,

245-246 (5th Cir. 1985).  In such cases "[d]ismissal is warranted [because] a plaintiff

has (1) been given the opportunity to plead his best case, (2) made specific and detailed

allegations constituting his best case, and (3) still fails to state a claim." *Joseph*, 2002

WL 342424, *5 *citing Jacquez*, 801 F.2d at 792-793 and *Morrison,* 761 F.2d at 246 (5th

Cir. 1985) (assuming that the specific allegations of the amended complaint constitute

the plaintiff's best case).

In this case, after four previous amendments in state court over several years, the

plaintiffs were granted leave to amend their Complaint to provide specific factual

allegations of to support a claim for a maritime tort by each individual plaintiff against

each individual defendant to avoid dismissal.  They have conceded that they are, at this

time, unable to amend in a manner which will avoid dismissal. With the exception of

the claims by  Larry Joseph Boudreaux and Dale A. Landry against Florida Gas, these

plaintiffs have failed to provide the factual specificity and detail required by the Court's

March 16, 2011 decision.  More specifically, seven of these plaintiffs do not appear and

make no allegations in the Fifth Supplemental and Amending Complaint at all, and the

remainder of these plaintiffs have failed to make any allegations against one, two or

three of the moving defendants.  Since these plaintiffs have failed to set forth a

cognizable claim against SNG, Dow or Florida Gas under maritime law, based on this

Court's prior finding that the allegations contained in the four previous Complaints

were insufficient to state a maritime tort claim, in the absence of any new specific and

particularized allegations against each defendant, they have not satisfied the pleadings

requirements of Rule 8, FRCP, *Bell* or *Iqbal*, *supra*.  Judgment on the pleadings is

accordingly appropriate.

On the other hand,  Larry Joseph Boudreaux and Dale A. Landry have presented

evidence, which the Court takes judicial notice of, that, taken as true and in conjunction

with the allegations in the Fifth Supplemental and Amending Complaint, states a

maritime tort claim against Florida Gas.  Dismissal of these claims is therefore not

warranted.  Rather, Larry Joseph Boudreax and Dale A. Landry should be granted

another opportunity to amend the allegations in their Compliant in a manner which will

avoid dismissal.

As to the determination of whether the dismissals should be with or without

prejudice, this Court notes that plaintiffs cite no authority to support their request for

dismissal without prejudice, and the Court has found none.  To the contrary, the cases

in which Judgment on the Pleadings is granted are routinely dismissed with prejudice.

Furthermore, under Rule 41(b), a dismissal for failure to state a claim, which is essentially the same basis for a Rule 12(c) motion for judgment on the pleadings, operates as an adjudication on the merits, which is generally with prejudice, unless the plaintiff persuades the Court otherwise. *See Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985) *citing Hall v. Tower Land and Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975);  *See also Nagle v. Lee*, 807 F.2d 435, 442-443 (5th Cir. 1987) *citing Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (*citing Weissinger v. United States*, 423 F.2d 795, 798–99 (5th Cir.1970) (*en banc*)) and  *Keenan v. Bennett*, 613 F.2d 127, 128–29 (5th Cir. 1980).  This, the plaintiffs have not done.

This case has been ongoing for over ten years.  During this time, the plaintiffs have had numerous opportunities to marshal evidence and plead sufficient facts to state a claim against each of the defendants.  "When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. United States,* 66 F.3d 95, 98 (5th Cir. 1995) *citing George v. King*, 837 F.2d 705, 708 n. 2 (5th Cir. 1988)

Moreover, the facts which these plaintiffs now assert may be potentially developed are in their exclusive control.  Only they know where and when they fished.

12

These facts could easily have been made known to this Court by affidavit (as was done by Larry Joseph Boudreaux and Dale A. Landry) or by simply alleging these facts in their pleadings.  Simply stated, development of these facts by further deposition is not, and never was, necessary.  Accordingly, there is no equitable justification to depart from the general rule that the dismissal should be with prejudice.

### Recommendation

For the reasons stated above;

**It is recommended** that, the Motion for Judgment on the Pleadings be **Granted in part** and **Denied in part**.  Specifically, the claims of Thomas Allen, Darlene Marie Bienvenu, Burton Burnis, Wally Jewell, Tessie D. Pradose, Jimmy Bourgue, Jr., Denny Rozell, Kelly Bourque, Darrel J. Eddy, Sr., Kenneth Vicknair and the Louisiana Crawfish Producers Association - West against Dow, Florida Gas, SNG and its insurers should be dismissed with prejudice; the claims of Dale Jude Barras, Sr., Alice Bienvenu, Ben A. Bienvenu, Sr., Bernard Blanchard, Casey J. Bodoin, Lucien Paul Bonin, Patrick J. Boudreaux, Michael John Borque, Sr., Ryan Bourque, Johnny M. Breaux, Sr., Buddy Faucheaux, Albert J. Granger, Sr., Elton J. Guidry, Jr., Clyde C. Louviere, the Estate of Ritchie Louis Olivier, Richard James Robin, James T. Romig, James H. Vicknair, Sr., Wallace James Vicknair, David R. White and Kenneth James White against  Dow, SNG and its insurers should be dismissed with prejudice; the

claims of Mervin Barras and Barry Boudreaux against Florida Gas, SNG and its insurers should be dismissed with prejudice; the claims of Brent James Blanchard, Sr., Ronnie Paul Courville, Gregory W. Guirard, Steven John Meche, Archie James Vicknair and Ronald Vicknair, Jr. against Dow and Florida Gas should be dismissed with prejudice; the claims of Joey Barras, James Blanchard, Jr., Nelson Bonin, Stanley Bourque, Lonny Guidry, Kim J. Horton, Matthew H. Jewell and Lawrence D. Smith, Jr. against SNG and its insurers should be dismissed with prejudice; the claims of Michael Barras, Charles Bourque, Andrew W. Meche, Jr., Brent J. Poche, Gilman J. Prados, Curtis James Robin and Mertile J. Settoon against Dow should be dismissed with prejudice; the claims of Murphy Bourque, Troy Bourque, Todd G. Louviere, Jody P. Meche and Leonard Joseph Savoy against Florida Gas should be dismissed with prejudice; and the claims of Larry Joseph Boudreaux and Dale A. Landry against and Dow, SNG and its insurers should be dismissed with prejudice. The claims asserted by Larry Joseph Boudreaux and Dale A. Landry against Florida Gas should remain pending, and leave to amend their Complaint to make specific factual allegations against Florida Gas should be granted.

**It is further recommended** that this report and recommendation together with any objections and the ruling by the district court be docketed in all related cases, but that if the recommendations are adopted, separate judgments specific to each affected

14

individual case be entered only in the appropriate related case.  Notwithstanding the dismissal of the plaintiff, Louisiana Crawfish Processors Association - West, case number 10-cv-348 shall remain the lead case for filing pleadings.

Under the provisions of 28 U.S.C. Section § 636(b)(1)(C) and Fed. R. Civ. P. Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 20th day of October, 2015, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**